Good morning, Your Honor. May it please the Court. I'm James Wellman, specially appearing on behalf of counsel who's filed the appeal in this case. My understanding is that the appeal concerns a post-closing judicial foreclosure or non-judicial foreclosure, which is alleged to have been wrongful under California law, and that there were two bases, two bases on which the allegation or the complaint was based. One was that there was post-closing foreclosure. Mr. Williams, just so the record is clear, you're here appealing only the order dismissing the complaint. You're not appealing the ruling on motion of summary judgment, true? That's my understanding. All right. But when you say my understanding, and I understand the appeal to say, did you file this appeal? I did not. I'm specially appearing on behalf of Patricia Rodriguez, who was unexpectedly unable to be here today. I've had only a limited amount of time in order to prepare for today's hearing. So you're here for Ms. Rodriguez, who was supposed to be here? That's correct. I'm sorry if we have to treat you as if you were Ms. Rodriguez, because we've got to decide this case on the briefs and on the record. If you can proceed, but are you going to get some questions that maybe you won't be able to answer? I'll do my best, Your Honor, and I appreciate your concern. So clear up for me what's being appealed, because it sounds like initially you're just appealing the motion to dismiss. But when you look at the notice of appeal, it says that you're, she said she's appealing the order dismissing the case with prejudice and the judgment of dismissal that was entered on January, excuse me, November 22nd, 2016. But when you look at the record, and based on the notice of appeal, it seems like you're actually appealing the summary judgment order and not the dismissal order. So which is it? My reading of the brief, Your Honor, is that they're appealing four of the five causes of action that were dismissed. My understanding is the wrongful business practices did proceed and was decided on summary judgment. Isn't Henry Turner? Let me ask you, Mr. Williams. I'm sorry, it's Wellman. Wellman, I'm sorry. Mr. Wellman, are you a member of the California Bar? I am. And are you admitted to practice in the Ninth Circuit? I believe I am. You believe you are? Have you ever, I mean, you understand the brief says certain things, you believe you are. Have you ever taken any action with the clerk's office in the Ninth Circuit Court of Appeal to be admitted at the bar? I was admitted when I was a young attorney in federal court together with a group of people with the firm I was with. What happened? Did something happen just this morning with Ms. Rodriguez? I only got the brief this morning, Your Honor. I'm not sure exactly why she's not able to be here today. Okay. It seems like the case of Henry Turner seems directly on point in this case and appears to foreclose Ms. Rodriguez's argument that the transfer and violation of the pooling service agreement made the loan void and unenforceable. I guess my question is didn't any transfer of the loan or violation of this pool service agreement make the loan only voidable? That seems to be the key issue here on appeal, whether it was void or voidable. It seems like you would be limited or if not prevented to bring this foreclosure cause of action under our case law in return. As the brief indicates, the Ivanova case seems to indicate that if there is establishment that the foreclosure was void as opposed to voidable, then they would have standing. If I read it correctly, they didn't address the Glaske issue with regard to the issue of whether it's merely voidable. Well, here the claim that the action by the trustee was improper is based on the idea that the loan wasn't transferred to the trustee within the period of time set forth in the pooling and service agreement, right? That's correct. That seems to be under Turner a defense which the trustee can bring up. But since the trustee under Turner can after the period in which the loan should be transferred can ratify the transfer of the loan, even though it wasn't done within the period, then the borrower, in this case Reyes, cannot object to that. So under Turner, aren't we bound, as Judge Mugillo says, to rule against you? I appreciate the comment the Court is making, and I note that that is not addressed in the appellant's brief. I would only note that my reading from what I've seen of Ivanova is that they concluded that there was standing when it was void and didn't address the Glaske issue with regard to voidable. All right. But we're bound by Turner, not by Ivanova, right? Is there anything else you'd like to address? No, Your Honor. Thank you very much. Mr. Williams, given the posture of the oral argument, is there anything you wish to say? Briefly, Your Honor, if you don't mind. Good morning, Your Honors. May it please the Court, my name is Jeff Williams. I represent the remaining defendants and appellees in this case after the Bank of America was voluntarily dismissed by the appellant at the outset of the appeal. My clients include Select Portfolio Servicing, the Bank of New York Mellonist Trustee, and Mortgage Electronic Registration Systems. Briefly, I just wanted to point out that there are a number of reasons that the district court's judgment in this case was correct and should be affirmed. The simplest approach for the Court to take would be, I think, as the Court has already indicated, to follow the In re Turner case. This case is factually analogous to that case and really is not distinguishable in any fashion. Let me ask you about that. It does not appear that In re Turner squarely addressed the issue of an allegation of a section 2924A6 violation. So is it directly on point? Well, I think perhaps the procedural posture of that case was slightly different. But I think in this case the allegation as to the violation of that particular statute relied on the post-closing date theory. In other words, the appellant had claimed that that section was violated because the trustee, my client, could not prove that it owned the loan because of the quote-unquote void assignment. So I think following Turner would allow the Court to dispose of that cause of action based on the legal theory, but maybe not particularly because that statute was addressed in re Turner. And so the Court has indicated a familiarity with In re Turner and EVA Nova. I would point out that the California Court of Appeal has rejected these types of allegations in the Satterbach v. J.P. Morgan case, the Mendoza v. J.P. Morgan case, and the UDI v. IMPACT funding case. Again, these cases really make absolutely clear that the home loan borrower cannot sue on the ground that the assignment of the loan violated the trust formation documents. I did have a question for you. Why shouldn't Ms. Rea's claim for a breach of the implied covenant of good faith and fair dealing survive to the extent it's predicated on your client's alleged mishandling of Rea's loan modification application rather than any voided theory? Well, I would point out that the theory of the case has kind of changed as time has gone on. The issues that were presented on the motion to dismiss related only to this void versus voidable distinction, and that's what the appellant has continued to claim in her opening brief. So at the outset, I would say that that type of argument has been waived. But in response to the court's question, I think the evidence presented on summary judgment shows that there was not actually any mishandling of the plaintiff's loan modification application. The plaintiff was actually offered multiple loan modifications, accepted some, turned some down. The only modification that was denied was, I believe, in 2015, but the servicer complied with all the relevant statutes and case law and did everything that it needed to do, provided all the information and disclosures that it needed to provide when denying that loan modification. So really what the evidence shows is that there was not any mishandling of the loan modification application. So I think that is how you can dispose of the breach of the covenant of good faith and fair dealing claim. And the trial court's determination on the inexistence of that covenant claim is not appealed. I believe that's correct, Your Honor. That kind of delves into one of the other approaches that I wanted to note that the court could take in this case, which is to just, you know, the court could sidestep this void versus voidable distinction entirely, the post-closing date theory entirely, and just look at the individual causes of action. Briefly, what the district court ruled and has not been challenged on appeal is that the first claim for wrongful foreclosure failed because there had not been a foreclosure sale. The second and third claims for violation of California's nonjudicial foreclosure statutes, including the statute that Your Honor just referenced, failed because those statutes didn't even go into effect until after the conduct complained of. The fourth claim for violation of California's unfair competition statute failed because the appellant admitted that she did not lose money or property as a result of the conduct that was complained of. And the fifth claim for breach of the contractual covenant of good faith and fair dealing failed because the appellant didn't really allege any conduct that frustrated her ability to recover under the loan contract. What the appellant was really concentrating on was the alleged unenforceability of the loan pursuant to a violation of an agreement that she was not a party to. So if anything, the conduct would have frustrated her ability to benefit under the pooling and servicing agreement. She's not a party to that agreement. She's not an intended third-party beneficiary of that agreement and can't sue for its violation or for any breach of the covenant of good faith and fair dealing. The only other point that I would make is that, again, on summary judgment, we dealt with the void. Summary judgment is not before us. Understood, Your Honor. I will take my time. Thank you. Thank you very much. Do you have any rebuttal? Just very briefly, my understanding is that the breach of the covenant of good faith dealing cause of action which was dismissed was based in part on predatory loan practices. So to the extent the court is considering that issue, it might highlight that that portion of it is subject to the appeal. And with that, I submit. Thank you very much. The case of Marietta Reyes v. Bank of New York, Mellon, is submitted.
judges: Bea, Murguia, Molloy